**TRAY–WRAP, INC., Plaintiff–Appellant,**

v.

**HOMESTEAD TOMATO PACKING CO., INC., Defendant–Appellee.**

**Nos. 947, 948, Dockets 90–7836, 90–7838.**

United States Court of Appeals, Second Circuit.

Motion for Attorney's Fees Submitted April 15, 1991.

Decided May 24, 1991.

Linda Strumpf, Bayside, N.Y., submitted papers for plaintiff-appellant.

Mitchell H. Stabbe, Holland & Knight, Washington, D.C., submitted papers for defendant-appellee.

Before LUMBARD, NEWMAN and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This is a motion seeking appellate attorney's fees and expenses in connection with an appellee's successful effort to secure affirmance of a District Court judgment that affirmed two reparation awards entered by the Secretary of Agriculture pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a *et seq.* (1988). The awards were entered to compensate appellee Homestead Tomato Packing Co., Inc. ("Homestead") for a portion of the unpaid purchase price of two truckloads of tomatoes sold to appellant Tray–Wrap, Inc. ("Tray–Wrap"). The Secretary determined that, though the tomatoes were damaged, Homestead was responsible for only part of the damage, and that Tray–Wrap owed Homestead approximately $7,800, including interest. The Act explicitly authorizes an award of fees and expenses to the prevailing party at the administrative level, *id.* § 499g(a), and also provides that, upon appeal to a district court, a prevailing appellee "shall be allowed a reasonable attorney's fee," *id.* § 499g(c). In this case, the District Court affirmed the Secretary's orders and awarded an attorney's fee of $17,572.23, plus expenses. We affirmed by summary order. No. 90–7836, 930 F.2d 909 (2d Cir.1991).

Though the statute is not explicit in providing for attorney's fees for successfully defending a district court judgment in a court of appeals, we think the statutory objectives of the Act would be impaired if such fees were not awarded. Congress was obviously aware that the amounts awarded in these reparation matters are often small. A special administrative procedure has been established for claims of $15,000 or less. *See* 7 C.F.R. § 47.20 (1991). Having provided that a party successfully defending a Secretary's order in a district court must receive an attorney's fee, Congress must have expected that party to maintain his recovery undiminished by an attorney's fee in the event that he prevails in the court of appeals. If the fee is limited to the district court, those who lose at that level have an opportunity to extract a settlement of the district court judgment by threatening to oblige the judgment creditor to incur the fees and expenses of an appeal. We do not think Congress intended that result in these matters.

The motion of appellee to require appellant to pay an appellate attorney's fee of $12,569.11 and expenses of $860.79 is granted.